976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Eugene DALBY, Debtor.
Paul BOROCK, Plaintiff-Appellee,
v.
William Eugene DALBY; Norma J. Dalby; Phyllis J. Dalby;
Patricia L. Marshall; Donald Nilssin; Wed Family
Preservation Trust, Defendants-Appellants.
 No. 92-1107.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1992.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 These pro se defendants appeal an order of the district court in this bankruptcy proceeding, enjoining them from filing further complaints or pleadings without leave of court, granting other miscellaneous injunctive relief, and assessing attorney fees, costs, and sanctions under Fed.R.Civ.P. 11. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this highly contested bankruptcy proceeding which has been pending for several years, the bankruptcy judge eventually recommended that the district court withdraw reference of the case so that the contempt powers of an Article III judge could be invoked against the defendants. After the district court assumed jurisdiction of the case, the plaintiff-appellee, trustee of the bankruptcy estate, moved the district court to order defendants to show cause why they should not be held in contempt. A hearing was held, at which defendants did not appear. The district court subsequently entered the order which is now under appeal, granting much of the injunctive relief requested and assessing sanctions.
 
 
 4
 Upon review, this court concludes that the technical procedural arguments raised by the appellants lack merit, particularly in light of their history of raising these same arguments in all litigation in which they are involved. Although not specifically objected to on appeal, we also note that the district court was within its discretion in requiring defendants to obtain leave of court before filing any further pleadings. See Procup v. Strickland, 792 F.2d 1069, 1072 & n. 5 (11th Cir.1986) (en banc) (per curiam).
 
 
 5
 However, the court concludes that paragraphs eight and nine of the district court's order, assessing attorney fees, costs and sanctions under Fed.R.Civ.P. 11 must be vacated and remanded for further findings of fact and conclusions of law. This court reviews an award of sanctions under Fed.R.Civ.P. 11 for an abuse of discretion. INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied, 484 U.S. 927 (1987). In order to allow meaningful appellate review, no matter how exasperating the case, the district court should make detailed findings of fact and conclusions of law. See In re Ruben, 825 F.2d 977, 990-91 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). For example, in assessing attorney fees under Rule 11, the district court must make findings that the attorney fee in question was induced by the filing of a sanctionable pleading. The record here fails to show how any particular pleading relates to any particular expense or attorney fee. See Bodenhammer Bldg. Corp. v. Architectural Research Corp., 873 F.2d 109, 114 (6th Cir.1989). Without such analysis and findings, we are unable to meaningfully review the assessment of sanctions for an abuse of discretion. See Palmer v. Nationwide Mut. Ins. Co., 945 F.2d 1371, 1377 (6th Cir.1991).
 
 
 6
 Accordingly, the portion of the district court's order assessing attorney fees, costs and sanctions under Fed.R.Civ.P. 11 is vacated and remanded for further proceedings in conformance with this order. The remainder of the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation